IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BRIDGET AUBREY S.,

        Plaintiff,

   v.                         Civil Action No.
                               5:19-CV-0884 (DEP)

COMMISSIONER OF SOCIAL
  SECURITY,

        Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP          HOWARD D. OLINSKY, ESQ.
300 South State Street            MELISSA A. DelGUERCIO, ESQ.
Syracuse, NY 13202

FOR DEFENDANT

HON. ANTOINETTE L. BACON    PETER W. JEWETT, ESQ.
Acting United States Attorney    Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of a dismissal of her request for review by the Social Security Appeals Council of an unfavorable administrative law judge ("ALJ") decision in connection with her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on November 10, 2020, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite review standard, I found that the Appeals Council's failure to find good cause to extend plaintiff's period to seek review constituted an abuse of discretion, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1)  Plaintiff's motion for judgment on the pleadings is GRANTED.

2)  The Social Security Appeals Council's determination that plaintiff failed to establish good cause to extend the period for her to seek review of the unfavorable decision of ALJ Michael J. Kopicki is vacated as constituting an abuse of discretion.

3)  This matter is remanded to the Social Security Appeals Council with a directive that it consider plaintiff's request for review as timely.

4)  The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   November 17, 2020
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIDGET S.,

                                          Plaintiff,

-v-                                       5:19-CV-884

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
November 10, 2020
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    OLINSKY LAW GROUP
    250 South Clinton Street
    Suite 210
    Syracuse, New York 13202
    BY:  **MELISSA A. DELGUERCIO, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY:  **PETER W. JEWETT, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1            (The Court and all parties present by telephone.
2   Time noted:  11:13 a.m.)
3            THE COURT:  Let me begin by thanking both counsel for
4   excellent and pointed presentations in connection with this
5   matter which presents an interesting procedural issue that I
6   don't often encounter.
7            Plaintiff commenced this proceeding pursuant to 42,
8   United States Code, Section 405(g) to challenge a determination
9   by the Social Security Administration Appeals Council to dismiss
10  her request for a review as untimely and to refuse her motion to
11  vacate that determination.  I will summarize the background in
12  less detail than I ordinarily would, although I think it is
13  important to understand at least the portion of the background
14  that relates to plaintiff's mental and emotional condition and
15  her limitations.
16           Plaintiff was born in May of 1973 and is currently
17  47 years of age.  She lives in Liverpool.  She's divorced and
18  has three children all over the age of 18.  Plaintiff has a 10th
19  grade education and was in special education courses while in
20  school.  She did not achieve a GED.  Plaintiff does not drive
21  because she experiences road rage and panic attacks and does not
22  take public transportation.
23           Plaintiff stopped working in June of 2006.  She was
24  fired from one job after yelling at a boss.  She stated at page
25  289 of the Administrative Transcript she cannot work due to

1   psychological issues.
2          Mentally, plaintiff suffers from posttraumatic stress
3   disorder, or PTSD, stemming from child abuse and dealing with
4   her -- witnessing her mother's death.  She also has been
5   diagnosed with bipolar disorder, depressive disorder, and a
6   borderline personality disorder.  She has -- according to her
7   testimony at page 290, she has a history of suicide attempts.
8   She was admitted to CPEP in July of 2016 where she encountered
9   dizziness and blackouts.  That appears at 331 through 390 of the
10  record.  Plaintiff has obtained -- she also has physical
11  conditions which are not germane to the issue before the Court.
12         Plaintiff has obtained treatment from Syracuse
13  Community Health Center, including Danielle Dunham, a PA, and
14  Dr. Suraiya Aziz.  She also has obtained mental health treatment
15  from Helio Health, including from Dean Stark and Nurse
16  Practitioner and psychologist Loretta Lobbia.  There are also
17  other providers, Kelly Monaghan, Mark Hard, Kelly Fisk, Tammy
18  Balamut, Brittany Sims, a counselor, and Lisa Sullivan, a
19  registered nurse.  Significantly, plaintiff has been prescribed
20  relatively high doses of Lithium and Depakote.
21         The procedural history of this case is interesting
22  and critical to the issue presented.  There was a prior
23  finding -- a partially favorable finding of disability rendered
24  on January 20, 2012, that appears at 44 to 57 of the
25  Administrative Transcript, and found plaintiff was disabled

1    between July 1, 2005, and November 15, 2011.  On May 10, 2016,
2    plaintiff filed a Title II application for disability insurance
3    benefits protectively alleging an onset date of March 25, 2007.
4    A hearing was conducted on September 20, 2018, by Administrative
5    Law Judge Michael J. Kopicki who addressed that request for
6    benefits.  On October 24, 2018, ALJ Kopicki issued an
7    unfavorable decision finding that plaintiff was not disabled at
8    the relevant times and therefore ineligible for the benefits
9    sought.
10            In his decision, ALJ Kopicki applied the five step
11   familiar sequential test for determining disability.
12   Significantly, at step two, he concluded that plaintiff does
13   suffer from severe impairments that impose more than minimal
14   limitation on her ability to perform work-related functions,
15   including lower back disorder, obesity, depressive disorder,
16   posttraumatic stress disorder, and borderline personality
17   disorder.  That appears at page 24 of the Administrative
18   Transcript.
19            Proceeding to step three and examining the mental
20   impairment listings, ALJ Kopicki concluded that plaintiff has
21   moderate limitation in understanding, remembering, or applying
22   information, moderate limitation in interacting with others,
23   moderate limitation with regard to concentrating, persisting, or
24   maintaining pace, and mild limitation in adapting or managing
25   herself.  That appears at pages 26 and 27 of the Administrative

1  Transcript.
2           The decision was sent to the plaintiff under cover of
3  a letter dated October 24, 2018.  That appears at pages 18
4  through 20 of the Administrative Transcript.  Significantly, it
5  contained the statement, quote, you must file your written
6  appeal within 60 days, and that phrase is bolded, of the date
7  you get this notice, period.  The Appeals Council assumes you
8  got this notice five days after the date of the notice unless
9  you show you did not get it within the five-day period.  That
10 appears at page 18.
11          The plaintiff submitted a pro sé request for review
12 of the determination on January 22, 2019.  That appears at pages
13 15 through 17 of the Administrative Transcript.  The Appeals
14 Council on March 7, 2019, sent a letter to the plaintiff
15 pointing out that her appeal or request for review was late.
16 That appears at page 12 through 14.  The letter invited
17 plaintiff to send evidence supporting her explanation for the
18 late filing.  On April 23, 2019, the plaintiff, through counsel,
19 forwarded a letter entitled good cause for late filing.
20 Attached to that was a statement from the plaintiff.  That
21 submission was found at pages 7 through 11 of the Administrative
22 Transcript.
23          On May 30, 2019, the Appeals Council dismissed
24 plaintiff's request for a review at pages 1 through 5 of the
25 Administrative Transcript.  A second letter was sent by

1  plaintiff's counsel to the Appeals Council on June 19, 2019, and
2  it was filed as a motion to vacate dismissal.  That appears at
3  Exhibit A to plaintiff's brief.  The plaintiff commenced this
4  action on July 22, 2019, and there's no argument that the suit
5  itself is untimely, nor do I find it to be untimely.
6           The task of the Court normally in these types of
7  review proceedings is to determine whether correct legal
8  principles were applied and the resulting determination was
9  supported by substantial evidence.  Here, we have what I would
10 consider a dual standard to be applied to the dismissal of
11 plaintiff's request for a review.  The facts found are subject
12 to a substantial evidence review standard.  The decision itself
13 to find no good cause for the late filing is subject to an abuse
14 of discretion standard.  That is outlined in *Jacqueline E. v.*
15 *Saul*, from the District of Vermont, March 13, 2020.  It is found
16 at 2020 WL 1234949.  It is from the former Chief District Judge
17 Christina Reiss.
18          The -- significantly, how the Court would rule on a
19 full review of the Administrative Law Judge's determination is
20 not germane, nor is it relevant to how the Court would act on a
21 motion to extend time and whether the Court itself would find
22 good cause.  Again, the standard is abuse of discretion on that
23 issue.  The -- first, I find that the Court has jurisdiction to
24 review this matter based on the Supreme Court's decision in
25 *Smith v. Berryhill*, found at 139 S. Ct. 1765 from May 28, 2019.

1  In that decision, the Supreme Court clarified that the dismissal
2  of a request for review constitutes a final determination of the
3  agency.
4          So there are a two issues, does substantial evidence
5  support the Appeals Council's finding of untimeliness and,
6  second, was it an abuse of discretion not to extend the time to
7  seek review and accept plaintiff's late filing.  When deciding a
8  case, I have to take into account the fact of the overarching
9  principle that the Social Security Act is to be liberally
10 construed for the benefit of claimants and there's particular
11 solicitude experienced and voiced by the courts toward claimants
12 in Social Security cases.
13         It is undeniable that a plaintiff can request Appeals
14 Council review of an Administrative Law Judge's decision under
15 20 C.F.R. Section 404.968.  Undeniably, that request must be
16 made within 60 days of receipt of the Administrative Law Judge's
17 decision unless good cause is found and the Appeals Council
18 extends that period.  The notice to plaintiff, as I previously
19 indicated, that accompanied the unfavorable decision advised her
20 pointedly of that determination -- of that rule.  And of course,
21 it also advised of the five-day presumption set forth in 20
22 C.F.R. Section 404.901.  If there's no request -- timely request
23 for an Administrative Law Judge decision to be reviewed by the
24 Appeals Council, the Administrative Law Judge's decision is the
25 final determination of the agency.

1           In this case, 65 days, by my calculation, from the
2   date of the Administrative Law Judge's decision was December 28,
3   2018.  There's no argument to be made that plaintiff requested
4   review prior to that date and so I find that substantial
5   evidence supports the finding of fact that the request was
6   untimely.
7           Under the regulations, plaintiff can request an
8   extension of the deadline and can provide good cause for missing
9   the deadline through a request of review under 20 C.F.R. Section
10  404.968(b).  That regulation provides that the time to seek
11  review can be extended if good cause is shown.  Good cause is
12  defined and addressed under 20 C.F.R. Section 404.911.  In
13  subdivision (b) of that regulation, the examples of
14  circumstances where good cause may exist, and I emphasize the
15  word may, are set forth.  They include: One, you were seriously
16  ill and were prevented from contacting us in person, in writing,
17  or through a friend, relative, or other person; two, there was a
18  death or serious illness in your immediate family.  There are a
19  couple of others that don't necessarily apply.  And then the
20  last is a catchall:  Unusual or unavoidable circumstances exist,
21  including the circumstances described in paragraph (a)(4) of the
22  this section, which show that you could not have known of the
23  need to timely file, or which prevented you from filing timely.
24  I didn't see the dog ate my homework in this one, but there are
25  examples otherwise given.

1    The decision of whether to accept a late filing and
2    find good cause is clearly discretionary.  In his concurring
3    opinion in *Torres v. Barnhart*, 417 F.3d 276 from the Second
4    Circuit 2005, Circuit Judge Dennis Jacobs noted that the good
5    cause standard in the regulations does not require the type of
6    exacting -- demanding showing that a Court would require to
7    equitably toll a deadline.  He refers to it as follows, the
8    Commissioner has adopted, quote, good cause, closed quote,
9    regulations that expressly afford redress for claimants upon a
10   minimal showing of hardship, including the very situation that
11   *Torres* alleges here.  The -- so the issue is not, again, whether
12   the Court would have found good cause, but whether it was an
13   abuse of discretion not to find good cause.
14           The initial submission by the plaintiff that was
15   admittedly pro sé and admittedly late states the following
16   reasons:  I -- and this is at page 16:  I did not understand the
17   appeals process.  I received the ALJ decision on time, but
18   failed to recognize the time requirement for filing a hearing
19   review.  I have difficulty reading for comprehension and
20   retention.  I am my father's caretaker.  He developed Stage 4
21   lung cancer in December 2018.  The diagnosis has placed another
22   level of stress and worry into my life.  My own medical
23   condition worsened in November and December 2018.  I suffer from
24   anxiety and stress.  I can go days without sleeping and then
25   compensate by sleeping for days.

1            The response was a request for additional evidence.
2    As I indicated at page 12, the Appeals Council sent a letter
3    dated March 7, 2019, pointing out the untimeliness and
4    indicating that she can send any evidence that supports her
5    explanation and that that should be submitted within 60 days.
6    The father, I should note, died in the interim on February 1,
7    2019.
8            The response was a letter dated April 23, 2019, from
9    plaintiff's new counsel.  That is -- again, appears at pages 7
10   through 11 of the Administrative Transcript.  It points out that
11   plaintiff was previously represented by a solo practitioner and
12   claims that the plaintiff believed he was filing an appeal, and
13   it points out that during that time, plaintiff's father was
14   struggling with lung, brain, and liver cancer and that he passed
15   away February 1, 2019.  Her caregiving of her father
16   parenthetically was the subject of her testimony during the
17   hearing.  The letter attaches a statement from the plaintiff
18   which states, I have difficulty with reading and comprehending.
19   After the unfavorable decision, I was not contacted by my
20   representative.  I was unaware that he was not appealing my
21   decision.  It also goes on to, again, reiterate her caregiving
22   for her father and that he died on February 1, 2019.
23           The -- on June 19, 2019, after the Appeals Council
24   issued a letter on May 30, 2019, dismissing the request for a
25   review, plaintiff, through counsel, submitted a motion to vacate

1  the dismissal reiterating the statement and including the death
2  certificate to substantiate the passing of plaintiff's father.
3           So the reasons given by the plaintiff for her late
4  filing and request for a finding of good cause included the
5  serious illness or death of her father, her limited education,
6  her mental impairments, her assumption that her former attorney
7  would file her appeal.  Those are all well supported and in the
8  record in this case.  Other than the assumption that her
9  attorney was filing an appeal, her serious mental health
10 conditions are well supported, her treatment that she received
11 for that, a history of missed appointments, all point to her
12 limitations based on her psychological and psychiatric
13 conditions.
14          The assumption that her former attorney would file is
15 an excuse that has been accepted in other cases.  In my view,
16 the decision to deny a finding of good cause, although I -- I
17 recognize that twice she failed to meet deadlines, was an abuse
18 of discretion, so I'm going to grant judgment on the pleadings
19 to the plaintiff.  The remedy is that the matter will be
20 remanded to the Social Security Appeals Council with a directive
21 that it conduct the requested review of the Administrative Law
22 Judge's decision.  The Court will not make a plenary review at
23 this point of the decision, and that is my ruling.  I will issue
24 a short form order attaching this transcript.
25          And I'd like to express my appreciation to both of

1  you.  Stay safe.  I look forward to working with you again.
2           MS. DELGUERCIO:  Thank you, Judge.
3           MR. JEWETT:  Thank you, your Honor.
4           (Time noted:  11:35 a.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
Official U.S. Court Reporter

```
 1
 2                    CERTIFICATE OF OFFICIAL REPORTER
 3
 4
 5            I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 6   NYRCR, Official U.S. Court Reporter, in and for the United
 7   States District Court for the Northern District of New York, DO
 8   HEREBY CERTIFY that pursuant to Section 753, Title 28, United
 9   States Code, that the foregoing is a true and correct transcript
10   of the stenographically reported proceedings held in the
11   above-entitled matter and that the transcript page format is in
12   conformance with the regulations of the Judicial Conference of
13   the United States.
14
15             Dated this 12th day of November, 2020.
16
17            x Hannah F. Cavanaugh
18              HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
19              Official U.S. Court Reporter
20
21
22
23
24
25
```